UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GEORGE RAYMOND WILLIAMS, M.D., | * | |
| ORTHOPAEDIC SURGERY, A | * | |
| PROFESSIONAL MEDICAL L.L.C. | * | |
| | * | CIVIL ACTION NO.: 6:11-CV-686 |
| VERSUS | * | |
| | * | |
| SIF CONSULTANTS OF LOUISIANA, | * | JUDGE: |
| INC., RISK MANAGEMENT SERVICES, | * | |
| LLC, MED-COMP USA, INC., CORVEL | * | |
| CORPORATION, HOMELAND | * | MAGISTRATE: |
| INSURANCE COMPANY OF NEW | * | |
| YORK AND EXECUTIVE RISK | * | |
| SPECIALTY INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**EXECUTIVE RISK SPECIALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Executive Risk Specialty Insurance Company ("Executive Risk") hereby removes to this Court the state court action described below.

1.      Plaintiff George Williams ("Williams"), on behalf of himself and a purported class of Louisiana medical providers, commenced this action in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, entitled *George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical L.L.C. v. SIF Consultants of Louisiana, Inc., et al*, No. 09-C-5244-C, seeking to recover penalties and attorney fees under Louisiana's Title 40 ("Title 40") for alleged statutory violations regarding the processing and payment of medical bills in the context of workers compensation insurance.

2.      Williams originally filed suit against defendants SIF Consultants of Louisiana, Inc. ("SIF"), Risk Management Services, LLC ("RMS"), and Med-Comp USA, Inc. ("Med-

1

Comp") claiming Title 40 violations for improper discounting of medical bills. SIF and RMS both have agreed to settlements with the plaintiff (Exhs. A and B), leaving Med-Comp as the only original defendant which has not agreed to a settlement.

3.      On March 24, 2011, years after the original suit was filed, Williams filed a First Amended and Re-Stated Petition for Damages and Class Certification ("Amended Petition"), naming as new defendants CorVel Corporation ("CorVel"), and its alleged insurers Homeland Insurance Company of New York ("Homeland") and Executive Risk.  Williams claimed that CorVel committed Title 40 violations for which it is liable, along with CorVel's alleged insurers, Homeland and Executive Risk.[1]  Neither Homeland nor Executive Risk insures Med-Comp or has any connection to it.

4.      In an attempt to defeat diversity jurisdiction, Williams has joined unrelated claims and non-diverse parties in this lawsuit. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  There is complete diversity of citizenship as to all properly joined parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of the absent class members.

---

[1]      The Amended Petition triggers removal.  28 U.S.C. § 1446(b), which forecloses removal over one year after suit was filed (here, in 2009), is inapplicable because this lawsuit is styled as a class action.  28 U.S.C. § 1453(b).  Moreover, because Williams has manipulated the forum by adding unrelated parties and claims to a previously-existing lawsuit, and Executive Risk diligently has removed the lawsuit to federal court without prejudice to proceedings in state court, Executive Risk's removal is proper.  *Tedford v. Warner-Lambert*, 327 F.3d 423, 426-27 (5th Cir. 2003).

6.      In addition, this Court has subject matter jurisdiction over the plaintiff Williams' claims asserted against all defendants, regardless of their citizenship, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and § 1453.

7.      Executive Risk has attached all pleadings filed in the record of the state court proceeding.  Exh. C.  Williams served RMS, the first defendant served, with the Amended Petition on April 5, 2011.  Thus, this Notice of Removal is timely filed within thirty days of first service in compliance with 28 U.S.C. § 1446(b).

I.      **Diversity Jurisdiction Exists Pursuant to 28 U.S.C. § 1332.**

   A.      **Complete Diversity Exists as to Plaintiff's Claims Against the Properly Joined Parties.**

8.      Plaintiff Williams is alleged to be a citizen of the State of Louisiana.  *See* Amended Petition ¶III(A).

9.      Defendants SIF, RMS, and Med-Comp all are alleged to be citizens of the State of Louisiana.  *Id.* at ¶IV(A-C).

10.      Defendant CorVel is a foreign corporation, and a citizen of the State of California.  *Id.* at ¶IV(D); Exh D.

11.      Homeland is a foreign insurer, and a citizen of the State of New York.  Amended Petition ¶IV(E); Exh. E.

12.      Executive Risk is a foreign insurer, and a citizen of the State of Connecticut.  Amended Petition ¶IV(F); Exh. F.

13.      Because SIF, RMS and CorVel all have reached settlements with Williams and the purported class involving all claims between them, for purposes of diversity jurisdiction,

their citizenship is ignored.  Exhs. A, B and G; *see Erdey v. Am. Honda Co.,* 96 F.R.D. 593 (M.D. La. 1983) (Louisiana plaintiff's agreement to settle his personal injury claim with Louisiana defendants made case removable as to non-Louisiana defendants).

14.     Accordingly, the sole remaining defendants in plaintiff Williams' lawsuit are Med-Comp and alleged insurers Homeland and Executive Risk, which do not insure Med-Comp. Rather, the alleged insured of Homeland and Executive Risk, CorVel, has agreed to settle all claims against it in the lawsuit.

15.     Consent to or joinder in this removal by Med-Comp (or any other defendant) is unnecessary because plaintiff Williams has joined Med-Comp improperly.  *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993)  ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of this [consent] requirement [for removal] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").  Regardless, remaining defendants Homeland and Med-Comp consent to removal.

**B.     The Non-Diverse Defendant in Williams' Action, Med-Comp, Is Improperly Joined.**

16.     Med-Comp, a non-diverse defendant, does not defeat this Court's subject matter jurisdiction because it is improperly joined.  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996), *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. Mar. 29, 1996) ("The court will not allow these plaintiffs to defeat the defendants' right to have their claims determined in a federal forum by the artifice of joining

their claims with totally separate claims of other non-diverse parties"); *Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975,  978-79 (N.D. Ga. 1996) (because each transaction at issue was made with different plaintiffs and different defendants, transactions were not sufficiently related so as to permit joinder), *aff'd*, 112 F.3d 1173 (11th Cir. 1997).

17.     When a petition alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of a non-diverse defendant, like Med-Comp, is improper. *Chehardy, et al. v. Louisiana Ins. Com'r, et al.*, No. 05-1140 (M.D. La. 2006) (finding fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Polk v. Lifescan, Inc.*, No. 03-020, 2003 WL 22938056, at *5 (N.D. Miss. Sep. 22, 2003); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (claims against tortfeasor allegedly causing injury found improperly joined with contract claim against insurer); *see also Mallard*, No. 95-908, 1996 WL 170126, at *3; *Turpeau*, 936 F. Supp. at 978-79.

18.     Plaintiff Williams improperly has joined claims against non-diverse defendant Med-Comp with claims against diverse defendants Homeland and Executive Risk, the alleged insurers of CorVel.  Williams seeks penalties and attorney fees under Title 40 against Med-Comp arising out of its alleged improper processing and payment of medical bills.  Amended Petition ¶XIII.  Neither Homeland nor Executive Risk provides insurance to Med-Comp.  At the same time, Williams separately has alleged that Homeland and Executive Risk provided insurance to CorVel (which has settled with Williams), and thus may be liable for CorVel's conduct under the direct action statute.  *Id*. at ¶VI(E), (F).

5

19.     Whether or not Williams has colorable claims against Med-Comp, on the one hand, and Homeland and Executive Risk, on the other hand, the claims are wholly distinct and not properly joined.  The claims against Med-Comp arise under Title 40 and involve an analysis of the processing and payment of medical bills by Med-Comp involving "hundreds if not thousands of medical providers."  *Id*. at ¶XII.  In contrast, the claims against Homeland and Executive Risk involve questions of insurance coverage under insurance policies allegedly issued to a now-settled party, CorVel.  Plaintiff Williams has not alleged that Homeland and Executive Risk did anything wrong, or participated in any way in the allegedly wrongful conduct of Med-Comp under Title 40, or that Homeland and Executive Risk are in any way responsible for the allegedly wrongful conduct of Med-Comp under Title 40.  Williams' claims against Med-Comp under Title 40 simply have nothing to do with the separate claims against Homeland and Executive Risk relative to a settled party, CorVel.

20.     Accordingly, joinder of the separate, unrelated claims against Homeland and Executive Risk, on the one hand, and Med-Comp, on the other, is improper, and the Louisiana citizenship of Med-Comp should be disregarded.

21.     For the same reason, the citizenship of Bestcomp, Inc. ("Bestcomp"), a Louisiana company that recently attempted to intervene in the state court lawsuit, should be ignored.  Exh. C, Bestcomp's Petition for Intervention.  Bestcomp allegedly intervened in order to protect its alleged interests relative to Williams' settlements with RMS and SIF.  This intervention – just like Williams' separate claim against Med-Comp – has nothing whatsoever to do with Homeland

and Executive Risk relative to a separate, settled party, CorVel.  Bestcomp's claims are improperly joined, and thus its citizenship should be disregarded.

### C.   <u>The Amount In Controversy Exceeds $75,000.</u>

22.     As required by Louisiana law, the Petition is silent as to the amount in controversy.  Therefore, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding.  *Id.* at 1253-54.

23.     Here, it is clear from the face of the Amended Petition that plaintiff Williams seeks an amount in excess of $75,000.

24.     Plaintiff Williams and the purported class have sought penalties and attorney fees under Title 40 for certain defendants' alleged failure to comply with statutory provisions regarding the processing and payment of medical bills.  La. Rev. Stat. 40:2203.1(G).  Williams contends that "hundreds if not thousands of medical providers have been affected" by the conduct of certain defendants.  Multiplying the statutory penalty times the number of providers at issue swells the amount in controversy into the millions.  *St. Paul Reinsurance*, 134 F.3d at 1252-53.

25.     Further, this case is styled as a class action.  Louisiana law provides that attorney fees are attributable in their entirety to representative plaintiffs in a class action lawsuit.  La. Code Civ. Pro. art 595; *Grant v Chevron Phillips Chem. Co.,* 309 F.3d 864 (5th Cir. 2002).  The

attorney fees in this putative class action alleging millions of dollars in Title 40 violations will be substantial.  The amount in controversy in Williams' suit far exceeds $75,000.

26.     As evidence of the enormity of the amount in controversy, CorVel recently reached a settlement of all claims with the plaintiff for $9 million.  Exh. G.

27.     Moreover, given that Williams has sued Executive Risk, an alleged insurer of CorVel, as a direct action defendant, Williams presumably seeks to recover under the Executive Risk policy.  The maximum aggregate limit of the insurance policy is $10 million. Exh. H; *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining whether jurisdictional amount requirement is met).

28.     In sum, considering plaintiff's claims for Title 40 violations, attorney fees, and insurance coverage, the amount in controversy here clearly exceeds $75,000; and, as demonstrated above, there is complete diversity of citizenship between Williams and the only properly joined defendants, Homeland and Executive Risk.

29.     Because diversity jurisdiction exists between Williams and Executive Risk (and Homeland), the Court may exercise supplemental jurisdiction over the putative class members' claims.  28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005) (so long as one named plaintiff in class action satisfies amount in controversy requirement and other elements of diversity jurisdiction exist, diversity jurisdiction is satisfied); *see also In re Abbott Labs*, 51 F.3d 524, 530 (5th Cir. 1995); *Stromberg Metal Works, Inc. v. Press Mech., Inc.,* 77 F.3d 928 (7th Cir. 1996).

## II.    Federal Jurisdiction Exists Under CAFA Over Plaintiff Williams' Claims Asserted Against All Defendants.

30.    The recently enacted Class Action Fairness Act ("CAFA") reflects Congress' intent to change prior law and now have federal courts adjudicate substantial class action suits brought against out-of-state defendants.  Toward that end, CAFA expressly provides that class actions filed in state court are removable to federal court.  CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the sum or value of the claims exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs; the putative class contains at least 100 class members; and any member of the putative class is a citizen of a State different from that of any defendant.

31.    Consent of all defendants is not required for removal under CAFA pursuant to 28 U.S.C. § 1453(b).  Regardless, remaining defendants Homeland and Med-Comp consent to removal.

32.    This suit satisfies all of the requirements under CAFA for federal jurisdiction: (1) the amount in controversy exceeds $5,000,000; (2) the class far exceeds 100; and (3) at least some members of the proposed class have a different citizenship from some defendants.

33.    Inclusion of one Louisiana defendant, Med-Comp, does not defeat federal jurisdiction under CAFA, unless the plaintiff can prove that Med-Comp is a defendant from whom "significant relief is sought by members of the plaintiff class" and whose alleged conduct "forms a significant basis for the claims asserted by the proposed plaintiff class."  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), (bb).

34.     As stated above, Med-Comp is improperly joined with the unrelated, diverse insurers, Homeland and Executive Risk.  Accordingly, Med-Comp is not and cannot be a defendant from whom "significant relief" is sought by the putative class as to Homeland and Executive Risk, or whose alleged conduct forms a "significant basis for the claims asserted by the proposed plaintiff class" against Homeland and Executive Risk within the meaning of CAFA. *Id*.; *e.g.*, *Robinson v. Cheetah Transp*., No. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006) (removal was proper under CAFA where no evidence presented that defendant truck driver causing accident was significant compared to other defendants; "whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants"); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009) ("The local defendant's alleged conduct must be an important ground for the asserted claims in view of the alleged conduct of all the Defendants."); *Evans v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (class seeks "'significant relief' against a defendant when the relief sought against that defendant is a significant portion of the entire relief sought by the class") (citing *Robinson*); *Joseph v. Unitrin, Inc.,* No. 08-077, 2008 WL 3822938, at *7 (E.D. Tex. Aug. 12, 2008) (considering number of class members that have claims against defendant and whether defendant is significant in comparison to what class is seeking from other co-defendants).

35.     Given that the putative class' claims against Med-Comp are improperly joined, Med-Comp is not and cannot be a defendant from whom significant relief is sought as to Homeland and Executive Risk.  *See Jernigan,* 989 F.2d at 817 (co-defendants "were improperly

joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction").

36.     Within the last three years, and beyond, there have been a plethora of class action lawsuits filed by the same lawyers for the same putative class at issue here.

### A.      The Sum or Value of the Plaintiffs' Claims Exceed $5,000,000.

37.     CAFA requires that the sum or value of the plaintiffs' claims exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

38.     The plaintiffs consist of all Louisiana medical providers rendering workers compensation services whose bills were discounted after January 1, 2000 pursuant to any agreement involving defendants SIF, RMS, Med-Comp, and CorVel.  The plaintiffs allege that "hundreds if not thousands of medical providers" are in the class.  Accordingly, the potential class members far exceed the 100 required by CAFA.  Amended Petition ¶¶ XI, XII.

39.     The amount in controversy easily is satisfied.  As discussed above, settlements have reached at least $9 million in this case, and the aggregate limit of Executive Risk's insurance policy issued to CorVel is $10 million. Exhs. A, B, G and H.

40.     Accordingly, the amount in controversy requirement is satisfied.  The Court has jurisdiction over all the claims asserted against all the defendants, regardless of diversity, pursuant to CAFA.

**WHEREFORE,** Executive Risk respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*/s/  Steven W. Usdin*
Steven W. Usdin (Bar No. 12986)
Edward R. Wicker, Jr. (Bar No. 27138)
Stephen L. Miles (Bar No. 31263)
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 24TH Floor
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
Facsimile: (504) 589-9701
susdin@barrassousdin.com
ewicker@barrassousdin.com
smiles@barrassousdin.com

*Attorneys for Executive Risk Specialty Insurance
Company*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 2nd day of May, 2011.

*/s/  Steven W. Usdin*

627692_1

13